UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL MASSE,

        Plaintiff,                        Case No.  3:16-cv-01137-BJD-PDB

v.

MEDICAL SERVICES OF CHATTANOOGA, INC.
d/b/a PATIENT FINANCIAL SERVICES, INC.,
and FLORIDA HOSPITAL HEALTHCARE
SYSTEM, INC.

        Defendants.
_____/

**DEFENDANT, MEDICAL SERVICES OF CHATTANOOGA, INC.
d/b/a PATIENT FINANCIAL SERVICES, INC.'S, ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant, MEDICAL SERVICES OF CHATTANOOGA, INC. d/b/a PATIENT FINANCIAL SERVICES, INC. ("MSI"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint [DE 1] states the following:

**NATURE OF ACTION**

1. Admitted to the extent that the provisions of the Telephone Consumer Protection Act ("TCPA") are self-evident.  Therefore, Defendant MSI denies all remaining allegations contained in this paragraph of the Complaint.

2. Admitted to the extent that the provisions of the Telephone Consumer Protection Act ("TCPA") are self-evident.  However, the Defendant MSI denies that the factual allegations stated herein are denied and not applicable to MSI's actions in communicating with the Plaintiff since various conditions, defenses and exemptions exist which are not mentioned herein.

Therefore, Defendant MSI denies all remaining allegations contained in this paragraph of the Complaint.

3. Admitted to the extent that the provisions of the Telephone Consumer Protection Act ("TCPA") are self-evident. However, the Defendant MSI denies that the factual allegations stated herein are denied and not applicable to MSI's actions in communicating with the Plaintiff since various conditions, defenses and exemptions exist which are not mentioned herein. Therefore, Defendant MSI denies all remaining allegations contained in this paragraph of the Complaint.

4. Admitted to the extent that the provisions of the Telephone Consumer Protection Act ("TCPA") are self-evident. However, the Defendant MSI denies that the factual allegations stated herein are denied and not applicable to MSI's actions in communicating with the Plaintiff since various conditions, defenses and exemptions exist which are not mentioned herein. Therefore, Defendant MSI denies all remaining allegations contained in this paragraph of the Complaint.

**JURISDICTION AND VENUE**

5. Admitted for purposes of jurisdiction and venue only; otherwise denied.

6. Admitted for purposes of jurisdiction and venue only; otherwise denied.

7. Admitted for purposes of jurisdiction and venue only; otherwise denied.

**PARTIES**

8. Admitted for purposes of jurisdiction and venue only; otherwise denied.

9. Unknown at this time; therefore denied.

10. Admitted for purposes of jurisdiction and venue only; otherwise denied.

11. Admitted for purposes of jurisdiction and venue only; otherwise denied.

12. Admitted for purposes of jurisdiction and venue only; otherwise denied.

13. Unknown at this time; therefore denied.

14. Denied; Defendant demands strict proof thereof.

15. Denied.

16. Unknown at this time; therefore denied.

17. Unknown at this time; therefore denied.

18. Denied.

19. Unknown at this time therefore Denied; Defendant demands strict proof thereof.

20. Denied; Defendant demands strict proof thereof.

21. Denied; Defendant demands strict proof thereof.

22. Denied; Defendant demands strict proof thereof.

23. Denied; Defendant demands strict proof thereof.

24. Denied; Defendant demands strict proof thereof.

25. Denied; Defendant demands strict proof thereof.

26. Denied; Defendant demands strict proof thereof.

27. Denied; Defendant demands strict proof thereof.

28. Denied; Defendant demands strict proof thereof.

29. Denied; Defendant demands strict proof thereof.

30. Denied; Defendant demands strict proof thereof.

31. Denied; Defendant demands strict proof thereof.

32. Denied; Defendant demands strict proof thereof.

33. Denied; Defendant demands strict proof thereof.

34. Denied; Defendant demands strict proof thereof.

35. Denied; Defendant demands strict proof thereof.

36. Denied; Defendant demands strict proof thereof.

37. Denied; Defendant demands strict proof thereof.

38. Denied; Defendant demands strict proof thereof.

39. Denied; Defendant demands strict proof thereof.

40. Denied; Defendant demands strict proof thereof.

41. Denied; Defendant demands strict proof thereof.

42. Denied; Defendant demands strict proof thereof.

43. Denied; Defendant demands strict proof thereof.

44. Denied; Defendant demands strict proof thereof.

45. Denied; Defendant demands strict proof thereof.

46. Denied; Defendant demands strict proof thereof.

47. Denied; Defendant demands strict proof thereof.

48. Denied; Defendant demands strict proof thereof.

49. Denied; Defendant demands strict proof thereof.

## **COUNT I: TELEPHONE CONSUMER PROTECTION ACT**

50. Defendant re-asserts and incorporates the responses to the allegations contained in Paragraphs 1 through 49 by references; as if fully re-stated herein.

51. Denied; Defendant demands strict proof thereof.

52. Denied; Defendant demands strict proof thereof.

## **COUNT II:  VICARIOUS LIABILITY**

53. Defendant re-asserts and incorporates the responses to the allegations contained in Paragraphs 1 through 52 by references; as if fully re-stated herein.

54. Denied; Defendant demands strict proof thereof.

55. Denied; Defendant demands strict proof thereof.

56. Denied; Defendant demands strict proof thereof.

57. Denied; Defendant demands strict proof thereof.

## JURY DEMAND

The Defendant demands trial by jury for any remaining issue following the determination of any dispositive motions.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

### Second Affirmative Defense

Defendant affirmatively alleges Plaintiff's claims under the TCPA are not actionable as Defendant has established the requisite "prior express consent" to communicate with the Plaintiff at the telephone number provided as authorized by the Federal Communication Commission and the law of this Circuit.

### Third Affirmative Defenses

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

**Fourth Affirmative Defenses**

Defendant asserts that any alleged calls by Defendant to Plaintiff were authorized as Plaintiff failed to provide any written or oral revocation of consent as defined under the TCPA and under the 2015 FCC Declaratory Ruling.

**Fifth Affirmative Defense**

Even assuming *arguendo* that MSI violated the TCPA, as alleged in the Complaint, which presupposition MSI denies, such violation was not intentional.

WHEREFORE, Defendant, MEDICAL SERVICES OF CHATTANOOGA, INC. d/b/a PATIENT FINANCIAL SERVICES, INC., requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Dated this **5th** day of **October, 2016.**

Respectfully submitted,

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **October 5, 2016**, via the Clerk of Court's CM/ECF system which will provide electronic notice to the following attorney of record:   Jared M. Lee, Esquire at JLee@ForThePeople.com (*Attorneys for Plaintiff*).

>                               */s/ Ernest H. Kohlmyer, III*
>                               Ernest H. Kohlmyer, III, Esq.
>                               Florida Bar No.: 110108
>                               kohlmyer@urbanthier.com
>                               Urban, Thier & Federer, P.A.
>                               200 S. Orange Avenue, Suite 2000
>                               Orlando, FL  32801
>                               Phone: (407) 245-8352
>                               Fax: (407) 245-8361
>                               *Attorneys for Defendant, Medical Services of Chattanooga, Inc. d/b/a Patient Financial Services, Inc.*